**2007 BNH 002**     Note:  This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                                                    Bk. No. 04-12952-JMD
                                                                                                          Chapter 13
Maureen C. Michaud,
        Debtor

Maureen C. Michaud,
        Plaintiff

v.                                                                                                        Adv. No. 05-1126-JMD

Ablitt & Caruolo, P.C.,
        Defendant

## MEMORANDUM OPINION

### I. INTRODUCTION

The Court has before it a complaint brought by Maureen C. Michaud (the "Debtor") against Ablitt & Caruolo, P.C. (the "Defendant"), seeking damages under 11 U.S.C. § 362(h)[1] for the Defendant's alleged violations of the automatic stay.  The Court conducted a trial of this matter on January 8 and 9, 2007 and took the matter under advisement.  This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] Unless otherwise indicated, all references to "section" or "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., prior to amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

## II.  FACTS

The facts in this case are not complicated.  The Debtor filed a chapter 13 petition on August 19, 2004, in order to halt a pending foreclosure sale of her home.  Due to the existence of the automatic stay, on August 24, 2004, the Defendant, acting as foreclosure counsel for Ameriquest Mortgage Company, postponed a foreclosure sale scheduled for August 23, 2004 until November 22, 2004 (the "First Postponement").  On November 23, 2004, the Defendant gave notice to the Debtor that the foreclosure sale scheduled for November 22, 2004 had been postponed to February 23, 2005 (the "Second Postponement").  On February 25, 2005, the Defendant gave notice that the foreclosure sale scheduled for February 23, 2005 had been postponed to May 24, 2005 (the "Third Postponement").  On June 14, 2005, the Defendant gave notice that the foreclosure sale scheduled for May 24, 2005 had been postponed to August 22, 2005 (the "Fourth Postponement").  On April 15, 2005, the chapter 13 trustee recommended confirmation of the Debtor's Amended Chapter 13 Plan dated April 12, 2005 (the "Plan").  On April 15, 2005, the Court signed and entered an order confirming the Plan (Doc. No. 14) (the "Confirmation Order").

## III.  DISCUSSION

Section 362(a)(1) of the Bankruptcy Code provides:

> Except as provided in subsection (b) of this section, a petition . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).  Many courts have held that postponing the date of a foreclosure sale does not violate the automatic stay.  See In re Roach, 660 F.2d 1316, 1319 (9th Cir. 1981); Zeoli v. RIHT Mortgage Corp., 148 B.R. 698, 702 (D.N.H. 1993); Atlas Machine & Iron Works, Inc. v. Bethlehem Steel Corp. (In re Atlas Machine & Iron Works, Inc.), 239 B.R. 322, 332 (Bankr. E.D. Va. 1998).  The rationale for such a holding is that postponing the foreclosure sale maintains the status quo between creditor and debtor as of the petition date.  See Zeoli, 148 B.R. at 700.  According to Zeoli, while postponement of a foreclosure sale is an "act," it is not an act in "continuation" of a proceeding "against the debtor" prohibited by § 362(a)(1).  See id. at 701. "Rather, it is more appropriately characterized as an act in preservation of a stayed proceeding." Id.  However, this Court has previously held that repeated postponements of a foreclosure sale over a protracted period of time - when a debtor was current in postpetition payments, no motion for relief was pending and a chapter 13 plan to cure a prepetition arrearage was pending - constituted harassment of a debtor and did not constitute the maintenance of the status quo of a stayed foreclosure sale.  Sherkanowski v. GMAC Mortgage Corp. (In re Sherkanowski), 2000 BNH 029, 10.

      The Debtor argues that the Fourth Postponement violated the automatic stay because it occurred after the entry of the Confirmation Order, when the Debtor was current on postpetition payments and when a motion from relief from the stay was not pending.  The Defendant argues that none of the foreclosure postponements it made in this case constitute stay violations under the rationale of Sherkanowski and, in any event, it is not liable for any violation because postponement of the foreclosure sale is permitted under applicable state law and it was acting as the agent of its client, Ameriquest Mortgage Company.

### A. Actions Complying With Non-bankruptcy Law

As a threshold issue, the Court notes that acting in compliance with applicable non-bankruptcy law may not insulate the Defendant from an allegation that its action violated the automatic stay. See Pratt v. General Motors Acceptance Corp., 462 F.3d 14, 19-20 (1st Cir. 2006) (creditor who did not act in bad faith or contrary to state law did violate the discharge injunction because its actions were objectively coercive). In Sherkanowski, this Court held that the postponement of a foreclosure sale under the provisions of state law did not violate the automatic stay so long as the creditor was seeking to maintain the status quo. In a foreclosure situation, maintaining the status quo means not losing the benefit of the notice and advertising previously conducted in accordance with the procedures prescribed under New Hampshire law. However, a creditor's interest in maintaining the status quo of an advertised and noticed foreclosure sale that has not yet been conducted ceases to exist when the creditor has no reasonable expectation that relief from the automatic stay is likely to be obtained in the foreseeable future. In the early stages of a chapter 13 case, when the creditor is reviewing the status of the case, the likelihood for confirmation of a chapter 13 plan or determining if the debtor is maintaining postpetition payments, a creditor has an expectation that it may obtain stay relief either through the granting of a motion for relief or the dismissal of the case if a plan is not timely proposed. However, no later than the time when the debtor has established a track record of making postpetition payments in a timely manner and a chapter 13 plan has been confirmed, the creditor ceases to have any reasonable expectation of completing a pending foreclosure absent extraordinary circumstances.[2] Such extraordinary circumstances would be the existence

---

[2] In this case, the Debtor does not contend that postponement of the foreclosure sale prior to the confirmation of the Debtor's chapter 13 plan violates the standard set forth in Sherkanowski.

of grounds for relief from the stay and the actual pursuit of relief from the stay by the creditor.

### B. Actions As Agent

Section 362(a)(4) and (a)(5) of the Bankruptcy Code provide:

> Except as provided in subsection (b) of this section, a petition . . . operates as a stay, applicable to all entities, of . . . any act to create, perfect, or enforce any lien against property of the estate; [and] any act to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

11 U.S.C. §§ 362(a)(4) and (a)(5) (emphasis added). The plain language of the statute makes the automatic stay applicable to "all entities," not just creditors. Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 974 (1st Cir. 1997) ("The statutory proviso which gives rise to the automatic stay says what it means and means what it says."). Accordingly, acts undertaken as an agent of a creditor by any entity constitute violations by that entity. If the actions of an agent of a creditor violate the stay and were undertaken at the direction or under the control of a creditor, such creditor may be liable for violating the stay. However, violating the stay as an agent is not a defense to a claim of stay violation. Both the agent and the principal are entities within the meaning of section 362. 11 U.S.C. §§ 101(15) and (41). The stay applies to both. The liability of the Defendant's principal, Ameriquest Mortgage Company, is not an issue in this case because it is not a party. However, if the Defendant's acts violated the stay, then the Defendant may be exposed to monetary sanctions. Mann v. Chase Manhatten Mortg. Corp., 316 F.3d 1, 3 (1st Cir. 2003).

### C. Actions by the Defendant

---

Accordingly, the Court does not need to decide whether the postponement of a foreclosure sale prior to confirmation of a chapter 13 plan could constitute a violation of the automatic stay under the standard set forth in Sherkanowski.

The June 14, 2005 date of the notice of the Fourth Postponement was sixty days after the entry of the Confirmation Order on April 15, 2005, and gave notice of the postponement of a foreclosure sale scheduled for May 24, 2005, a date thirty-nine days after entry of the Confirmation Order.  New Hampshire law requires that a postponement of a foreclosure sale be to a date and time certain and be either announced at the latest proposed sale for which notice has been given or stated in a notice of adjournment posted on the premises to be foreclosed.  Armille v. Lovett, 100 N.H. 203, 206 (1956).  Accordingly, the Fourth Postponement would have no legal validity unless the postponement was announced at or posted on the premises to be foreclosed on May 24, 2005.  Thus, the actual postponement must have occurred on May 24, 2005.  As of that date, no motion for relief was pending and the evidence does not disclose that the filing of such a motion was even contemplated.[3]  After the entry of the Confirmation Order on April 15, 2005, the Defendant had no legitimate interest in protecting the status quo of the pending foreclosure for its client.  Therefore, the Fourth Postponement did constitute a violation of the automatic stay under the standards established by the Court in Sherkanowski.

The Debtor did not present any evidence which would justify the imposition of emotional or punitive damages.  See Fleet Mortgage Group, Inc. v. Kaneb (In re Kaneb) 196 F.3d 265 (1st Cir. 1999).  However, the Debtor has been represented by an attorney and may be entitled to actual damages in the form of costs and attorney's fees pursuant to section 362(h) of the Bankruptcy Code.

---

[3] The Court's docket reflects that no motion for relief from the automatic stay was filed by the Defendant on behalf of Ameriquest Mortgage Company until April 20, 2006 (Doc. No. 27).  The Court also notes that said stay relief motion states that the Debtor was delinquent in postpetition mortgage payments for the months of February through April of 2006, a time period significantly later than the date of the Fourth Postponement.

## IV.  CONCLUSION

For the reasons set forth above, the Court finds that the Fourth Postponement was not an action taken to preserve the status quo of a pending foreclosure sale and did violate the automatic stay.  The Court shall issue a separate order directing the Debtor to file an affidavit of attorney's fees and costs and providing time for the Defendant to respond before a judgment is entered in this adversary proceeding.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Manchester, New Hampshire.

Date:   January 16, 2007                    /s/ J. Michael Deasy
                                                                                   J. Michael Deasy
                                                                                   Bankruptcy Judge